IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOLD FAST TATTOO, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 07 C 4479 ) |
| CITY OF NORTH CHICAGO, a Body politic and corporate, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant City of North Chicago moves under FRCP 12(b)(1) and 12(b)(6) to dismiss the complaint of plaintiff, Hold Fast Tattoo. For reasons hereinafter stated, plaintiff's complaint is dismissed.

## BACKGROUND

In ruling on defendant's motion, we accept as true all facts alleged in plaintiff's complaint and draw all reasonable inferences in favor of plaintiff. St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 625 (7th Cir. 2007) (12(b)(1) motion); McMillan v. Collection Prof'ls, Inc., 455 F.3d 754, 758 (7th Cir. 2006) (12(b)(6) motion).

Hold Fast Tattoo wishes to open a tattoo studio on North Sheridan Road in the City of North Chicago and has obtained a prospective lessor at its desired location. In accordance with North Chicago's zoning ordinance, Hold Fast Tattoo applied for a special use permit to operate a tattoo studio at that location. On June 21, 2007, the Zoning Board of Appeals of North Chicago recommended approval of the permit to its city council. The proposal was apparently discussed at two council meetings, on 7/9/07 and 7/16/07, and plaintiff's request for

a special use permit was ultimately denied. The city council informed plaintiff that its special use permit was denied because it was "not the kind of business" the council wanted in North Chicago (cplt. ¶11).

Plaintiff requests that the court declare defendant's refusal to issue a special use permit unconstitutional, and that it enjoin defendant from enforcing the zoning ordinance. The complaint identifies four purported constitutional violations. In Count I, plaintiff alleges that defendant, by denying his application for a special use permit, violated his right to equal protection, substantive due process and procedural due process. In Count II, plaintiff alleges that defendant's zoning ordinance is an unconstitutional exercise of the state's police power on its face and as applied to plaintiff.

## ANALYSIS

This court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because plaintiff has alleged constitutional violations. We also have subject matter jurisdiction under 28 U.S.C. § 1343(a)(3) and (4) because plaintiff has brought suit to redress the claimed deprivation of constitutional rights and to recover damages for alleged constitutional violations pursuant to 28 U.S.C. § 1983.

### I. 12(b)(1) Motion to Dismiss Due Process Claims for Lack of Standing

We address defendant's 12(b)(1) motion first: subject matter jurisdiction "must be the first issue in every federal suit." Lear Corp v. Johnson Elec. Holdings Ltd., 353 F.3d 580, 582 (7th Cir. 2003). Defendant argues that plaintiff's due process claim is not yet ripe because it has not exhausted its state remedies for its constitutional property rights claim.

The exhaustion of state remedies is only required when the plaintiff alleges a due process violation in connection with a constitutional takings claim violating the Fifth Amendment.

Greenfield Mills, Inc. v. Macklin, 361 F.3d 934, 961 (7th Cir. 2004). However, plaintiff here has not alleged a taking without just compensation and the Fifth Amendment is "nowhere invoked." Behavioral Inst. of Ind. v. Hobart Common Council, 406 F.3d 926, 931 (7th Cir. 2005).

Hold Fast Tattoo's claim, brought under 42 U.S.C. § 1983, has no exhaustion requirement. *Id.* at 931 n.2. North Chicago's 12(b)(1) motion to dismiss the due process claims for lack of standing is denied.

## II. Defendant's 12(b)(6) Motion to Dismiss

We turn next to defendant's motion to dismiss under 12(b)(6) for failure to state a claim upon which relief can be granted. If plaintiff's complaint gives defendant fair notice of the claims and the grounds upon which it rests, defendant's motion will be denied. EEOC v. Concentra Health Servs., 496 F.3d 773, 776 (7th Cir. 2007) (synthesizing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) and Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must also plausibly suggest that plaintiff has more than a speculative right to relief. *Id.*

### A. Equal Protection Claim

It appears from the complaint that plaintiff proceeds under the "fundamental right" theory of equal protection. Specifically, plaintiff asserts that defendant's actions violated his right to free speech under the First Amendment.

Plaintiff argues that its right to draw tattoos is protected by the First Amendment Free Speech Clause. The nature of the right to draw tattoos is a question that has not been directly addressed by the Seventh Circuit nor the Supreme Court. However, we are persuaded by related authority, as well as the decisions of numerous other courts, that the act of tattooing is

not constitutionally-protected free speech.

The First Amendment protects speech. It also protects expressive conduct, as long as the conduct is "sufficiently imbued with elements of communication to fall within the scope" of the First Amendment. Spence v. Washington, 418 U.S. 405, 409 (1974). To determine whether an activity warrants First Amendment protection, the court must determine whether there was intent to convey a particularized message and whether there is a great likelihood that the message would be understood by those who view it. Miller v. Civil City of South Bend, 904 F.2d 1081, 1086 (7th Cir. 1990) (citing Texas v. Johnson, 491 U.S. 397, 404 (1989)).

The act of tattooing fails the first prong of this test because the act itself is not intended to convey a particularized message. The very nature of the tattoo artist is to custom-tailor a different or unique message for each customer to wear on the skin. The act of tattooing is one step removed from actual expressive conduct, which is similar to a sound truck, which enables each customer to express a particularized message, but the sound truck vehicle itself is not expressive. The Supreme Court, in R.A.V. v. St. Paul, noted that a noisy sound truck is a "mode of speech" because it can be used to convey a message, but "in and of itself" it is not protected by the First Amendment. 505 U.S. 377, 386 (1992) (quoting Niemotko v. Maryland, 340 U.S. 268, 282 (1951)). Similarly, the tattoo artist's daily work may be used by customers to convey a message, but it is not protected by the First Amendment in and of itself. Because the act of tattooing fails the first prong of the test for First Amendment protection, there is no "message" to be understood by viewers and tattooing must also fail the second prong. Therefore, this court agrees with other courts that have held the act of tattooing is not an act

protected by the First Amendment.[1]

Where no fundamental right or suspect class is at issue, "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." St. John's United Church, 502 F.3d at 637–38 (quoting City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985)). The Seventh Circuit, in Vision Church, found the zoning requirement that churches obtain a special use permit to be facially neutral and "justified by legitimate, non-discriminatory municipal planning goals." 468 F.3d at 991. The special use permit required by North Chicago's zoning ordinance is substantially related to its municipal planning goals. In the motion to dismiss plaintiff's complaint, defendant sets forth numerous municipal planning goals that are advanced by the requirement of a special use permit for plaintiff's business: character, stability, or intended development of the City's central business district; suitability of the location to the proposed use; necessity and desirability of a proposed use in a particular location; and protection of the health and/or safety of the community (def's mot. to dismiss ¶8). See Vision Church, 468 F.3d at 1001 (holding a zoning ordinance that required a church to obtain a special use permit valid under rational basis review because the requirement could be "traced to legitimate municipal land planning goals," such as "traffic control, noise pollution, and a greater impact on the

---

[1] The South Carolina Supreme Court, in State v. White, held the process of tattooing was not communicative conduct protected by the First Amendment, and upheld a state law that prohibits tattooing, except by a licensed physician, for only cosmetic or reconstructive purposes. State v. White, 560 S.E.2d 420, 423–24 (S.C. 2002). See also Kennedy v. Hughes, 596 F. Supp. 1487, 1493 (D. Del 1984) (plaintiff's asserted right to tattoo is not fundamental, so summary judgment for defendant granted); Yurkew v. Sinclair, 495 F. Supp. 1248, 1253 (D. Minn. 1980) (the process of tattooing is not sufficiently communicative to warrant First Amendment protection); State v. Brady, 492 N.E.2d 34, 39 (Ind. 1986) (tattooing for artistic purposes is not protected by the First Amendment because it is neither speech nor symbolic speech); People v. O'Sullivan, 409 N.Y.S.2d 332, 333 (N.Y. App. Term 1978) (tattooing is not speech or even symbolic speech); Blue Horseshoe Tattoo, V, Ltd. v. City of Norfolk, 72 Va. Cir. 388, 390 (Va. Cir. Ct. 2007) (holding the City's prohibition on tattooing does not impinge the right to free speech and expression).

landscape than more common uses").

The Seventh Circuit analyzed a post-Twombly motion to dismiss an equal protection claim in St. John's United Church, 502 F.3d 616. The court stated, "[i]n order to survive a motion to dismiss for failure to state an equal protection claim, 'a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications.'" Id. at 639 (quoting Wroblewski v. City of Washburn, 965 F.2d 452, 460 (7th Cir. 1992)). Also, we are conscious of the fact that this is a notice pleading jurisdiction and that a federal court in a civil rights case "may not apply a heightened pleading standard more stringent than the usual pleading requirements of Rule 8(a)." Christensen v. County of Boone, 483 F.3d 454, 458 (7th Cir. 2007).

Here, Hold Fast Tattoo has not alleged the violation of a suspect class or a fundamental right, so the challenged legislation is presumed valid and will be upheld if the statute's classifications are rationally related to a legitimate state interest. St. John's United Church, 502 F.3d at 637–38. Plaintiff's complaint contains a bald conclusory statement that the zoning ordinance is "arbitrary, oppressive and capricious" (cplt. ¶25). The only grounds we can find in the complaint to support this allegation are that defendant failed to provide plaintiff with any "data, evidence, or testimony" substantiating the denial of the special use permit (cplt. ¶13). However, the Supreme Court has stated that "rational-basis review in [an] equal protection analysis 'is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.'" Heller v. Doe, 509 U.S. 312, 319 (1993). The Court also stated that the judiciary shall not act as a "superlegislature" and "a legislative choice is not subject to courtroom factfinding and may be based on rational speculation unsupported by evidence or empirical data." Id. at 319–320. As stated above, we find defendant's zoning ordinance could

be rationally related to a legitimate state interest. Therefore, the complaint does not plausibly suggest that plaintiff is entitled to relief for an equal protection violation.

Plaintiff also fails to state a cause of action for a "class of one" equal protection claim, if that is what was intended. The complaint contains a portion of a sentence that alleges the zoning ordinance "unreasonably requires Plaintiff to submit to controls not imposed on other similarly situated businesses or properties" (cplt. ¶25). In order to bring a class of one equal protection claim, a plaintiff must allege that (1) he has been intentionally treated differently from others similarly situated and (2) there is no rational basis for the difference in treatment, or that the differential treatment is due to a "'totally illegitimate animus' toward the plaintiff by the defendant." St. John's United Church, 502 F.3d at 638. We cannot conceive of how Hold Fast Tattoo can satisfy the second prong of this test because the grounds for it do not appear in the complaint. *See id.* (dismissing a class of one equal protection claim under 12(b)(6), where, even if the plaintiff could satisfy the first part of the test, it could not survive the second part). Therefore, plaintiff's complaint fails to plausibly suggest that it has more than a speculative right to relief for an equal protection violation based on a fundamental right or a class of one. As a result, the equal protection claims must fail.

B.  Substantive Due Process Claim

The Seventh Circuit has held that "a plaintiff bears a very heavy burden in a substantive due process action attacking a decision of local zoning officials." Polenz v. Parrott, 883 F.2d 551, 558 (7th Cir. 1989). Plaintiff must show (1) the decision was arbitrary and irrational, and (2) a separate constitutional violation or the inadequacy of state law remedies. *Id.* at 558–59. Plaintiff has alleged that defendant's decision was arbitrary. However, it has not alleged a separate constitutional violation. As discussed above, tattooing is not a protected activity under

the First Amendment, so the substantive due process violation claim must fail.

### C. Procedural Due Process Claim

To establish an actionable procedural due process violation, a plaintiff must first allege the deprivation by state action of "a liberty or property interest created either by state law or the Due Process Clause itself." DeWalt v. Carter, 224 F.3d 607, 613 (7th Cir. 1999). To allege a protectable property interest, the plaintiff must have a "legitimate claim of entitlement" to it, not a "unilateral expectation" or "hope." Montgomery v. Anderson, 262 F.3d 641, 644 (7th Cir, 2001). If the first requirement is met, the court will then consider whether "the deprivation took place without the process that was due." Wilson v. Formigoni, 42 F.3d 1060, 1065 (7th Cir. 1994).

The only deprivation that is alleged in the complaint here is the right to the "use and operation" of plaintiff's business (cplt. ¶15). Plaintiff does not allege, nor can we find a component of the due process clause or an Illinois state law that gives a legitimate claim of entitlement to perform the act of tattooing. Therefore, since plaintiff has not alleged the deprivation of a protectable interest, the procedural due process allegation fails before we can reach the second required prong of this claim.

### D. Violation of Police Powers Claim

Plaintiff claims that the zoning ordinance enacted by defendant is an unlawful exercise of the state's police power, both as applied to plaintiff and on its face. "It is well-established that, as an exercise of the police power, a zoning ordinance is presumed to be constitutionally valid." Clark v. County of Winnebago, 817 F.2d 407, 408 (7th Cir. 1987). A party challenging the ordinance must show "that the ordinance is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Id. In evaluating

a violation of police powers claim, "courts do not inquire into the facts or reasons which motivate the passage of a zoning ordinance, and all questions relative to the wisdom or desirability of particular restrictions in the ordinance rest with the legislative body creating it." Sinclair Refining Co. v. Chicago, 178 F.2d 214, 217 (7th Cir. 1949) (remanding a case back to the district court with directions to dismiss the complaint where the court could not determine from the record that a zoning ordinance had no substantial relation to the safety and general welfare of the community).

Here, defendant's zoning ordinance requires a special use permit for certain uses, to meet municipal planning goals that protect the health and/or safety of the community. As discussed above, the zoning ordinance is rationally related to a legitimate state interest. Plaintiff has neglected to include in the complaint any grounds upon which the zoning ordinance could be unrelated to a legitimate state interest. The scant information accompanying the police powers allegation does not give defendant fair notice of the grounds upon which the claim rests, nor does it plausibly suggest that plaintiff is entitled to relief. Therefore, the police powers challenge to the zoning ordinance must fail.

## CONCLUSION

For the foregoing reasons, defendant's 12(b)(1) motion is denied. There is only an exhaustion requirement for constitutional takings violations, which plaintiff has not alleged. Defendant's 12(b)(6) motion as to all claims stated above is granted. Plaintiff's complaint is dismissed.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

March 7, 2008.